UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ANTHONY G. ALEXANDER, Civil File No. 01-1983 (JMR/JMM)

Plaintiff,

v. REPORT AND RECOMMENDATION

HENNEPIN COUNTY,

Defendant.

This matter is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed Without Prepayment Of Fees And Affidavit," (Docket No. 2), by which he is seeking permission to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915. The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied and that the action be dismissed without prejudice.

Plaintiff commenced this action on October 31, 2001, by filing a pleading entitled "Complaint For Violation Of Civil Rights Under 42 U.S.C. § 1983." (Docket No. 1.) Plaintiff's pleading was not accompanied by the $150 filing fee prescribed by 28 U.S.C. § 1914(a); instead he submitted the application for IFP status that is now before the Court.

Because Plaintiff is a prisoner (at the Huron Valley Men's Correctional Facility in Ypsilanti, Michigan), his IFP application is subject to the requirements of the Prison Litigation Reform Act of 1995, ("PLRA"). This means, inter alia, that he must pay an initial partial filing fee based on the formula prescribed by 28 U.S.C. § 1915(b)(1). Applying that

FILED DEC 06 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

formula here, Plaintiff was required to submit an initial partial filing fee of $24.01 with his IFP application. However, Plaintiff did not tender any filing fee with his Complaint and IFP application.

The missing filing fee was called to Plaintiff's attention by the Court's order of November 1, 2001. (Docket No. 3.) By that order, Plaintiff was directed to pay his initial partial filing fee of $24.01 within thirty (30) days. The order expressly warned Plaintiff that if he did not tender the required fee payment within the time allowed he would be deemed to have abandoned this action, and the Court would recommend that the action be summarily dismissed, without prejudice, for lack of prosecution.

The Court-imposed deadline for paying the initial partial filing fee for this action has now expired, and Plaintiff has not tendered any payment. Nor has he offered any explanation or excuse for his failure to comply with the Court's prior order. In fact, the Court has received no communication of any kind from Plaintiff since the prior order was entered.

Therefore, based on the express warning regarding the consequences that would follow if Plaintiff failed to comply with the requirements of the Court's prior order in this matter, it is now recommended that Plaintiff be deemed to have abandoned this action and that the action be dismissed. Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders). See also In re Smith, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to submit initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

It is further recommended that this action be dismissed without prejudice. However, if Plaintiff attempts to pursue his claims in the future -- by filing an entirely new lawsuit -- he will have to either pay the full filing fee prescribed by 28 U.S.C. § 1914, or comply with all of the requirements governing prisoner IFP applications set forth in 28 U.S.C. § 1915.

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees, (Docket No. 2), be **DENIED**; and

2. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: December 5, 2001

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before December 21, 2001, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.